```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION

JONATHAN D. GARRISON,           *
  #190475                       *
                                *
     Petitioner,                *
                                *
vs.                             *  CIVIL ACTION NO.:14-00069-CG-B
                                *
CYNTHIA STEWART,                *
                                *
     Respondent.                *
```

### REPORT AND RECOMMENDATION

Jonathan D. Garrison, a state inmate in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1). The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(a)(2)(R), and Rule 8 of the Rules Governing Section 2254 Cases. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Kelley v. Sec'y for the Dep't of Corr., 377 F.3d 1317 (11th Cir. 2004). Upon careful consideration, the undersigned recommends that the petition be dismissed as barred by the statute of limitations.

### I. FINDINGS OF FACT

On November 21, 1996, Garrison pled guilty to murder. (Docs. 1, 10 at 3). He was sentenced to life in prison, and he did not

1

directly appeal his conviction. (Doc. 1 at 2, 3).[1] The record does not reflect, nor does Garrison allege, that he filed a petition seeking certiorari before the Alabama Supreme Court. (Id.). On July 27, 1998, he filed a Rule 32 petition with the trial court and indicated that the grounds for said petition were "unknown" to him. (Docs. 1 at 4, 10-2 at 2-3). His Rule 32 petition was dismissed on January 8, 1999. (Doc. 10 at 2). He did not file an appeal. (Id.).

Garrison filed the instant § 2254 petition on February 13, 2014.[2] (Doc. 1). In his petition, Garrison attacks his November 26, 1996 conviction and sentence on the following grounds: (1) the State of Alabama has not afforded him an adequate judicial process to remedy federal constitution violations in his criminal prosecution because the writ of habeas corpus and Rule 24 and Rule 32 are inadequate post-conviction remedies (id. at 12-13); (2) the State has not afforded him an adequate corrective judicial process to remedy his conviction in violation of the Equal Protection Clause because the Alabama post-conviction

---

[1] In his petition, Garrison lists his conviction date as November 26, 1996, (Doc. 1 at 2), but Respondent's Answer and the Case Action summary list the conviction date as November 21, 1996. (Docs. 10 at 2, 10-1 at 3). The discrepancy is not fatal given that the petition was filed sixteen years beyond the expired statute of limitations.

[2] Under the mailbox rule, absent contrary evidence, a prisoner's motion is deemed filed on the date it is delivered to prison officials for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

remedies have time limits and procedural bars unlike the post-conviction remedies of Nebraska (id. at 14-15); (3) the Anti-Terrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitation violates his due process right to a hearing (id. at 18-19); (4) the AEDPA violates the First Amendment because it puts time limits or procedural defaults on his right to petition the Government for a redress of grievances(id. at 18-19); (5) "the 14th Amendment Privilege and Immunity Clause safeguards against encroachment by the State Government of [his] right to petition the Alabama Judicial Government for redress of grievances which the First Amendment safeguards against encroachment by Congress" (id. at 24); (6) his conviction violates his Fourteenth Amendment right to have procedures by which parole is granted or denied under a standard of due process (id. at 24); (7) his guilty plea was accepted in violation of his due process rights because the Court did not inform him of his right to appeal and he was not given the opportunity to state an objection he may have had to defense counsel's conducting the defense (id. at 29-34); (8) he was not "apprised with reasonable certainty of the nature of the accusation against him," because his indictment tracked the language of Alabama State Capital Murder Statute, 13A-5-40 of the Code of Alabama 1975, but it did not include a statement of the facts (id. at 34-37); (9) his 14th Amendment Equal Protection rights have been violated because he

has been denied rehabilitative parole while other prisoners convicted of murder have been granted parole. (Id. at 37-41).

In its Answer, the Respondent asserts that Garrison is not entitled to relief because his habeas petition is untimely and his claims for relief are procedurally defaulted by his failure to exhaust them in state court. (Doc. 10 at 1). For the reasons set forth herein, the undersigned recommends that Garrison's petition be dismissed because it is barred by the one-year statue of limitations.

## II. ANALYSIS

Pursuant to 28 U.S.C. § 2244 (d)(1), as amended by the April 24, 1996 enactment of The Anti-Terrorism and Effective Death Penalty Act of 1996, § 101(Supp. II 1997) ("AEDPA"), a state prisoner seeking a federal habeas corpus remedy must file his federal petition within one year of the "conclusion of direct review or the expiration of the time for seeking such review." The Act provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State

4

>action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d).

As noted above, the AEDPA imposes a one-year limitations period on § 2254 actions and includes one of several commencement dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see also Pugh v. Smith, 465 F.3d 1295, 1298 (11th Cir. 2006).

In the instant action, Garrison did not seek to appeal his conviction; accordingly his conviction became final on January 2, 1997, after the 42 days allotted to file a notice of appeal had passed. Ala.R.App.P.R.4. Accordingly, the statute of limitations for Garrison to file a federal habeas petition began running on

5

January 2, 1997, and in the absence of a tolling event, expired one year later on January 2, 1998. The record reflects, however, that Garrison did not file the instant habeas petition until September 13, 2014, more than sixteen (16) years after the statutory deadline had expired. Thus, unless Garrison can demonstrate that the tolling provisions of the AEDPA were triggered, his habeas petition is untimely.

Section 2244(d)(2) of the AEDPA provides for the tolling of the limitations period pending state court review of a properly filed application for post-conviction relief. See In re Hill, 437 F.3d 1080, 1083 (11th Cir. 2006). Although Garrison filed a Rule 32 petition with the state court, it was not pending during the running of the AEDPA limitation period. The law is clear that "even "properly filed" state court-court petitions must be "pending" [during the one-year period of limitation] in order to toll the limitations period. A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000); see also Tinker v. Moore, 255 F.3d 1331, 1335. n.4 (11th Cir. 2001)("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."); Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004)("While a properly filed application for post-conviction relief tolls the

6

statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired.")(citation omitted). Because the AEDPA limitations period had already expired by the time Garrison filed his Rule 32 petition with the state trial court in 1998, it had no tolling effect. Thus, Garrison's federal habeas petition was untimely filed.

Before recommending dismissal of Garrison's habeas petition as untimely, the undersigned must determine whether Garrison has pled extraordinary circumstances that require a contrary conclusion.

> The Eleventh Circuit has stated that:
>
> > Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.' Sandvik v. United States, 177 F.3d 1269[, 1271 (11th Cir. 1999)]. Equitable tolling is an extraordinary remedy, which is typically applied sparingly. See Irwin v. Dept. Of Veterans Affairs, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990).
>
> Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). See also Holland v. Florida, 560 U.S. 631, 645 130 S. Ct. 2549, 2560, 177 L.Ed.2d 130, 143 (2010) (" §2244(d) is subject to equitable tolling in appropriate cases[,] . . . We have previously made clear that a 'petitioner is entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently,

and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."); Diaz v. Sec'y for the Dept. of Corr., 362 F.3d 698 (11th Cir. 2004); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3rd Cir. 1998)("equitable tolling is proper only when the principles of equity would make [the] rigid application [of a limitation period] unfair . . . [g]enerally, this will occur when the petitioner has in some extraordinary way...been prevented from asserting his or her rights . . . [t]he petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims . . . [m]ere excusable neglect is not sufficient"). Moreover, in the Eleventh Circuit, as a general rule, "the "extraordinary circumstances" standard applied in this circuit focuses on the circumstances surrounding the late filing of the federal habeas petition, rather than the circumstances surrounding the underlying conviction." Helton v. Sec'y of Dep't of Corr., 259 F.3d 1310, 1314 (11th Cir. 2001), cert. denied, 535 U.S. 1080, 122 S.Ct. 1965 (2002); Drew v. Dep't of Corr., 297 F.3d 1278, 1286-87 (11th Cir. 2002).

In this case, Garrison has failed to establish a basis for equitable tolling of the statutory limitations period. He instead argues that the AEDPA is unconstitutional because it violates the Supremacy Clause. (Doc. 1 at 41-42). He has not alleged the existence of extraordinary circumstances beyond his control that

8

prevented him from filing a timely petition, nor has he met the heavy burden of showing that he exercised reasonable diligence in prosecuting his claims and in bringing forth his habeas petition. Garrison has also failed to allege or offer any evidence that suggests that he is innocent. Where Respondent has asserted the defense of statute of limitations and the Petitioner has failed to meet his burden of establishing extraordinary circumstances which would justify the equitable tolling of AEDPA's limitations period, the undersigned must recommend that this case be dismissed as time-barred. Accordingly, the undersigned finds that because Garrison has neither demonstrated actual innocence, nor established that equitable tolling is warranted in this case, his federal habeas petition should be dismissed as time-barred, and judgment should be entered in favor of Respondent.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2254 Cases (December 1, 2009). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying

constitutional claim, "a COA should issue [only] when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039, 154 L.Ed. 2d 931 (2003)("Under the controlling standard, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further").

In the instant action, Garrison's claims are clearly time barred, and he has failed to present extraordinary circumstances beyond his control that prevented him from filing this action in a timely manner. Steed, 219 F.3d at 1300.  He has also failed to make a sufficient showing of 'actual innocence' of the charge for which he was convicted. Schlup, 513 U.S. at 327. Thus, under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Garrison should be allowed to proceed further. Slack, 529 U.S. at 484, 120 S. Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose

of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further"). Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable whether the Garrison's petition should be dismissed; thus, he is not entitled to a certificate of appealability.

## IV.   CONCLUSION

For the reasons set forth above, the undersigned recommends that the Court dismiss Garrison's petition with prejudice as time-barred, and find that he is not entitled to a Certificate of Appealability, and is thus not entitled to proceed *in forma pauperis*[3] on appeal.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the **4th** day of **August, 2016.**

                                                    **/s/ SONJA F. BIVINS**
                                      **UNITED STATES MAGISTRATE JUDGE**

---

[3] An *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); **Fed.R.Civ.P.** 72(b); S.D. ALA GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th *Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.